## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
## APPELLATE DIVISION

| | |
|---|---|
| **SHAWN AKEEL AUDAIN,** | ) |
| | ) **D.C. Crim. App. No.2006-46** |
| *Appellant,* | ) |
| | ) **Sup.Ct.Crim. No. 2005-292** |
| | ) |
| **v.** | ) |
| | ) |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | ) |
| | ) |
| *Appellee.* | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Brenda J. Hollar presiding

Considered: June 25, 2010
Filed: January 8, 2014

**BEFORE: CURTIS V. GÓMEZ,** Chief Judge of the District Court of
the Virgin Islands; **RAYMOND L. FINCH,** Judge of the District
Court of the Virgin Islands; and **HAROLD W.L. WILLOCKS,** Judge of
the Superior Court of the Virgin Islands, sitting by
designation.

**ATTORNEYS:**

Stylish Willis, Esq.
St. Thomas, U.S.V.I.
         *For the Appellant.*

Matthew C. Phelan, AAG
St. Thomas, U.S.V.I.
         *For the Appellee.*

## MEMORANDUM OPINION

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 2

**PER CURIAM,**

Shawn Akeel Audain ("Audain") appeals his convictions in the Superior Court of the Virgin Islands. For the reasons stated below, the Court will reverse Audain's conviction for unauthorized possession of ammunition and affirm his remaining convictions.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of May 22, 2005, Lakheal George ("George") arrived at his home. On the way from his car to his front door, he heard a noise to his left and saw a man he recognized as Nordel Charles ("Charles") emerge from around the corner of George's house. (J.A. 603.) Charles was carrying a gun in his right hand, holding it against his leg and pointing it towards the ground. (J.A. 603-04.) George then saw another man he knew only as "Fatman" and another person emerge from behind the corner of his house. (J.A. 604.) None of the men had on masks or anything obstructing their faces. (J.A.629.)

Charles raised his gun and pointed it at George. At first, George told Charles to stop playing. However, Charles "gave [George] a look like he wasn't playing, he was serious . . . ." (J.A. 604.) George then turned and started running towards his front door. (J.A. 604.) Just as he put his left hand out to touch the doorknob, Charles shot George in the left arm, which spun him around. Charles then shot George in his right arm and

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 3

elbow. (J.A. 606.) George testified at trial that these shots broke bones in both of his arms. (J.A. 606.) George hit the door and then fell to the floor laying face down, his eyes closed and his arms spread out. (J.A. 606.) While he was on the ground, Charles came up on the porch, stepped over George and fired his gun eight times, until his ammunition was spent. (J.A. 607.) George testified that he was shot in the back a total of five times. (J.A. 607.)

When Charles stopped firing, George looked up and saw Fatman and the other man running quickly up the stairs towards George. (J.A. 607.) At this time, George recognized the third man as Audain. (J.A. 607.) Audain and Fatman approached within one foot of George and started patting down his clothes. Audain reached into George's pocket, took $1,400 out of his pocket, and started to pull and tug on George's gold chain. (J.A. 608-10.) Shortly after that, Charles, Fatman, and Audain ran out of George's house. (J.A. 611.)

Police Officer Earl Williams ("Williams") was dispatched to the scene. When he arrived, he saw several spent casings on the walkway and on the porch, bullet holes in the door and wall and a trail of blood that led from the porch into the house. (J.A. 487-89.) George was alert and able to identify his assailants, the car they left in and where they usually hung out. (J.A. 490-

91.) George's description of the vehicle matched the vehicle owned by Audain. (J.A. 491.)

On June 23, 2005, Detective Albion George ("Detective George") came to George's house and showed him a photo array. George was able to identify Audain. (J.A. 639.) The photo contained in this array was an old school photo of Audain.

Audain was arrested on July 2, 2005, and was charged as a principle with aiding and abetting in an eight count amended information. Audain was charged with attempted first-degree murder, using an unlicensed firearm during the commission of an attempted murder, first-degree robbery, using an unlicensed firearm during the commission of a robbery, and unauthorized possession of ammunition. His codefendant, Charles, was also charged in the amended complaint with eight similar counts.

Prior to trial, Audain moved to suppress George's identification of him on the grounds that the school photo was obtained in violation of Virgin Islands and federal law. The trial court denied the motion to suppress.

The three-day trial began on April 18, 2006. During the trial, Audain stipulated that on May 22, 2005, he did not have a license to possess a firearm in the Virgin Islands. At the conclusion, the jury found all the defendants guilty on all counts. Thereafter, Audain moved for a judgment of acquittal, which the trial court denied.

At sentencing, the trial court merged Count III, aiding and abetting the first degree assault with the intent to murder, with Count I, aiding and abetting first degree murder. Count V, aiding and abetting possession of an unlicensed firearm was merged with Count II, aiding and abetting possession of an unlicensed firearm during the commission of an attempted murder. Count VI, aiding and abetting first degree assault with the intent to commit robbery, was merged with Count IV, aiding and abetting first degree robbery.

Audain was sentenced to five years, with two years suspended, for aiding and abetting attempted first degree murder; the mandatory minimum of fifteen years for aiding and abetting in the possession of an unlicensed firearm during the commission of an attempted murder; five years, with three years suspended, for aiding and abetting first-degree robbery; the mandatory minimum of fifteen years for aiding and abetting in the possession of an unlicensed firearm during the commission of robbery; and to the mandatory minimum of one year for the unauthorized possession of ammunition. Thereafter, Audain timely filed this appeal.

## II.   DISCUSSION

### A.   Jurisdiction

The Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 6

been convicted, and has not entered a guilty plea. *See* V.I. CODE

ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C.

§ 1613(a) (2006).

**B.   Standard of Review**

When reviewing a sufficiency of the evidence claim, we

apply a deferential standard of review. *United States v. Dent,*

149 F.3d 180, 187 (3d Cir. 1998). We will review the evidence in

the light most favorable to the government and will affirm if

"any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Id.* (quoting

*Jackson v. Virginia,* 443 U.S. 307, 319 (1979)) (internal

quotation marks omitted).

An appellate court reviews the denial of a motion for a new

trial pursuant to Rule 33 for abuse of discretion. Such motions

are not favored and should be "granted sparingly and only in

exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005

(3d Cir. 2008) (citations omitted). We review a trial court's

denial of a motion to sever for abuse of discretion. *United*

*States v. McCode*, 317 Fed. Appx. 207, 212 (3d Cir. 2009).

A defendant challenging the sufficiency of the evidence

bears a heavy burden. *United States v. Navarro*, 145 F. 3d 580,

592 (3d Cir. 1998); *United States v. Carr*, 25 F.3d 1194, 1201

(3d Cir.), *cert. den.* 513 U.S. 1086 (1995). He must prove that,

even when the evidence, both direct and circumstantial, is

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 7

viewed in the light most favorable to the verdict, and even when the government is given the benefit of all inferences which can be drawn from it, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *United States v. Palmas-Ruedas*, 121 F. 3d 841, 855 (3d Cir. 1997), cert. den. 522 U.S. 1142 (1998); *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir.), cert. den. 520 U.S. 1268 (1997). In making this determination, circumstantial evidence is considered to be just as probative as direct. *Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984). When determining the sufficiency of the evidence, the government is given the benefit of all reasonable inferences that can be drawn from the evidence. *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir. 1997). A finding of guilt may be based solely on circumstantial evidence. *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972). This is particularly so when proving the element of intent. *United States v. Lawrence*, 349 F.3d 109, 120 (3d Cir. 2003) ("circumstantial evidence is usually the only possible proof of the [defendant's] mental processes. . .").

### III. ANALYSIS

A.   **Rule 29 Motion**

1.   **Counts I and III: Aiding and Abetting Attempted First Degree Murder, Aiding and Abetting First Degree Assault with the Intent to Murder**

In the Virgin Islands, "[m]urder is the unlawful killing of a human being with malice aforethought." Murder in the first degree includes

> [a]ll murder which--
>     (1) is perpetrated by means of . . . lying in wait . . . or by any other kind of willful, deliberate and premeditated killing;
>     (2) is committed in the perpetration or attempt to perpetrate . . . burglary . . . robbery . . . assault in the first degree, assault in the second degree, assault in the third degree and larceny . . . .

V.I. CODE ANN. tit. 14, § 922(a) (2012).

Assault is either the "attempt[ed] commi[ssion of] a battery" or the "mak[ing of] a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery . . . ." V.I. CODE ANN. tit. 14, § 291 (2012). A defendant is guilty of assault in the first degree if that defendant "with intent to commit murder, assaults another" or, "with intent to commit . . . robbery . . . assaults another . . . ." V.I. CODE ANN. tit. 14, § 295(1), (3) (2012).

"The crime of attempt consists of: (1) an intent to do an act or bring about certain consequences which in law would amount to a crime; and (2) an act in furtherance of that attempt

which goes beyond mere preparation." *Government of the Virgin Islands v. Albert*, 18 V.I. 21, 24 (D.V.I. 1980) (quoting LaFave & Scott, Criminal Law § 59 at 423).

In the Virgin Islands, anyone who "aids, abets, counsels, commands, induces or procures its commission [or] willfully causes an act to be done which if directly performed by him or another person would be a crime or offense" is liable for that offense as a principal. V.I. Code Ann. tit. 14, § 11 (2012). To prove a defendant aided and abetted a crime, the Government must show "(1) that the substantive crime has been committed, and (2) the defendant knew of the crime and attempted to facilitate it." *People v. Clarke*, 55 V.I. 473, 479 (V.I. 2011) (citing *Brown v. People*, 54 V.I. 496, 500 (V.I. 2010)). A defendant "attempt[s] to facilitate" the commission of a crime if the "defendant associate[s] himself with the venture, . . . participate[s] in it as something he wishe[s] to bring about, and . . . s[eeks] by his words or actions to make it succeed." *Nanton v. People*, 52 v.V. 466, 484 (V.I. 2009).

In *United States v. Xavier*, 2 F.3d 1281 (3d Cir. 1993), the Third Circuit upheld an assault conviction where the defendant supplied another individual with a firearm during a fight. The court held that:

> Liability as an aider and abettor requires proof that defendant associated himself with the venture, that he participated in it as something he wished to bring

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 10

> about, and that he sought by his words or action to
> make it succeed. The government can show the requisite
> intent with evidence defendant encouraged or helped
> the perpetrator.

*Id.* at 1288. Accordingly, a defendant may be liable as a principal even if he does not personally take the actions which constitute the underlying offense. *Id.*

Here, George testified that Charles, Fatman, and another man--whom George later recognized as Audain--emerged from behind the corner of his house. Charles then shot George at least seven times, including five shots delivered at point-blank range while George was lying helpless on his porch. George further testified that after Charles shot him, Audain and Fatman ran up to George and took $1,400 and a gold chain from George's person. This evidence was sufficient for a rational jury to conclude that, after lying in wait or during the commission of a burglary or robbery or assault or larceny, the defendants intended to kill George. Moreover, a juror could conclude from this evidence that the conduct of the defendants went beyond mere preparation and was a substantial step towards the commission of the offense of murder.

For the same reasons, a juror could likewise conclude that an assault was committed with the intent to kill George.

Further, George testified that the defendants were waiting for him when he arrived home. George saw all three men emerge

Audain v. Government of the Virgin Islands
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 11

from behind his house, and he later recognized one of them as

Audain. After the shooting, George saw Audain run up to him and

n take money and a gold chain off of his person. From this

evidence, a reasonable trier of fact could infer that Audain

intended that the crimes of murder and assault be committed.

Moreover, from Audain's conduct--namely, running inside George's

house after George had been shot, and taking money and valuables

from George's person--a rational juror could infer that Audain

associated himself with this criminal venture and sought to make

it succeed.

    Audain argues that the evidence was not sufficient because

George did not credibly identify Audain as being the third

participant. The evidence of the identity of the assailants in

the instant case is based largely on the credibility of the

witnesses. It is firmly established that it is "the jury's

prerogative to decide all questions of credibility." United

States v. Huat, 107 F.3d 213, 220 (3d Cir. 1997) (quoting United

States v. Gambino, 926 F.2d 1355, 1367 (3d Cir. 1991) (internal

quotation marks omitted). Indeed, in reviewing a defendant's

motion for acquittal, courts must "not weigh evidence or

determine the credibility of witnesses." United States v.

Stansfield, 101 F.3d 909, 917 (3d Cir. 1996). Thus, given the

evidence that Audain and Charles cooperated to ambush, shoot,

and rob George, and the credibility that the jury attached to

George's testimony, we cannot say it was an abuse of discretion for the trial court to deny Audain's motion for a judgment of acquittal as to Counts I and III.

> **2.  Counts II and V: Aiding and Abetting Possession of an Unlicensed Firearm during the Commission of an Attempted Murder, Aiding and Abetting Possession of an Unlicensed Firearm during the Commission of First Degree Assault with Intent to Commit Robbery**

In the Virgin Islands, it is a crime to, "unless otherwise authorized by law, possess[], bear[], transport[], or carr[y] . . . any firearm . . . during the commission or attempted commission of a crime of violence. . . ." *Id.* V.I. CODE ANN. tit. 14, § 2253(a) (2012).

A firearm is "any device . . . capable of discharging ammunition by means of gas generated from an explosive composition . . . . V.I. CODE ANN. tit. 23, § 451(d) (2012). A person may be authorized to possess a firearm if they have "a license for such purpose [that] has been issued . . . in accordance with the provisions of [Chapter 5, Title 23 of the Virgin Islands Code]." V.I. CODE ANN. tit. 23, § 454 (2012). A crime of violence includes "the crime of, or the attempt to commit, murder in any degree . . . discharging or aiming firearms, . . . assault in the first degree . . . robbery, burglary, unlawful entry or larceny." V.I. CODE ANN. tit. 23, § 451(e) (2012).

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 13

Here, Audain stipulated that he did not possess a license for a firearm in the Virgin Islands on the night in question. Moreover, as discussed above, there was ample evidence from which a jury could conclude that Audain aided and abetted in the scheme to murder and assault with the intent to rob George. Thus, it cannot be said it was an abuse of discretion for the trial court to deny Audain's motion for an acquittal as to these two counts.

> **3.   Counts IV, VI, and VII: Aiding and Abetting First Degree Assault with the Intent to Commit Robbery, Aiding and Abetting First Degree Robbery, Aiding and Abetting Possession of an Unlicensed Firearm during the Commission of a Robbery**

"Robbery is the unlawful taking of personal property in the possession of another, from his person or presence and against his will, by means of force or fear." V.I. CODE ANN. tit. 14, § 1861 (2012). A defendant is guilty of robbery in the first degree if that defendant either "[c]auses physical injury which is incapacitating in any way to any person who is not a perpetrator of the crime" or "displays, uses, or threatens the use of a dangerous weapon." V.I. CODE ANN. tit. 14, § 1862(1), (2) (2012).

As discussed above, Audain participated in the scheme to assault George with the intent to murder him. Moreover, Audain's took George's gold chain and $1,400 from George's person after Charles used force, in the form of several gun shots, to subdue

George. This caused injury to George which he testified

incapacitated him. Moreover, this force came from the use of a

dangerous weapon, namely, a gun. Lastly, as discussed above,

Audain stipulated that he did not have a license to possess a

firearm. From this evidence, a jury could reasonably conclude

that Audain aided and abetted in the assault of George with the

intent to commit robbery and that Audain aided and abetted in

the commission of a robbery in the first degree. Thus it was not

an abuse of discretion for the trial court to deny Audain's

motion for a judgment of acquittal.

### 4. Count VIII: Aiding and Abetting Unauthorized Possession of Ammunition

Audain argues that the government failed to adduce

sufficient evidence to sustain that charge. We apply a

particularly deferential standard of review to arguments based

on sufficiency of the evidence: we must view the evidence in the

light most favorable to the government, and we will sustain the

verdict if any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.

*United States v. Kellogg*, 510 F.3d 188, 202 (3d Cir. 2007). To

succeed on the ammunition count, the government was required to

prove, as an element of the offense, that Audain was not

"authorized by law" to possess firearm ammunition. V.I. CODE ANN.

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 15

tit. 14, § 2256(a) (2012); *United States v. Daniel*, 518 F.3d
205, 209 (D.V.I. 2008).

In *Daniel*, we reversed the defendant's conviction under
section 2256(a) after holding that the government's evidence,
which consisted of the defendant's lack of a firearm license,
was insufficient to prove that a defendant was unauthorized to
possess ammunition. *Id*. At Audain's trial, the prosecution
similarly relied only on Audain's stipulated lack of a firearm
license to support its possession of ammunition charge. Given
our holding in *Daniel*, we are bound to say that the evidence
here is likewise insufficient to sustain Audain's conviction on
the ammunition count. *See Virgin Islands v. Turbe*, 304 Fed.
App'x 76, 78-79 (3d Cir. 2008) (holding that evidence that a
defendant illegally possessed a firearm is not by itself
sufficient to prove that ammunition in his possession was also
illegally possessed.)

**B.   Rule 33 Motion**

   **1.   New Evidence**

Audain contends that he is entitled to a new trial based on
the existence of new evidence. Following their conviction,
Charles wrote a letter saying that Audain is innocent, and that
only Charles is to blame in this case.

Where a codefendant claims a defendant is innocent after
the defendant has been convicted, The Court of Appeals for the

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 16

Third Circuit has characterized such revelations not as "newly

discovered" evidence, but "newly available evidence." *United*

*States, v. Jasin*, 280 F. 3d 355, 358 (3rd Cir 2002). Evidence

that is merely newly available does not ordinarily merit a new

trial. *See* Fed. R. Crim. P. 33(b)(1); *id.*

    In *United States v. Jasin*, 280 F.3d 355, 358 (3d Cir.

2002), the defendant sought a retrial on the grounds that, after

he and his codefendant were convicted, his codefendant professed

sole responsibility for the crime. The Third Circuit first noted

that there was no disputed that the defendant "was aware of the

substance of the . . . testimony at the time of trial, but that

the testimony nevertheless was unavailable because the

[codefendant] would not testify and could avoid doing so by

asserting his Fifth Amendment right against self-incrimination."

*Id.* at 362. The court then noted that it considered "testimony

offered by codefendants after they have been sentenced to be

inherently suspect." *Id.* at 365. The court therefore ultimately

concluded that "a codefendant's testimony known to the defendant

at the time of trial cannot be considered 'newly discovered

evidence under Rule 33, regardless of the codefendant's

unavailability during trial because of invocation of his Fifth

Amendment privilege." *Id.* at 368.

    The facts here fall squarely within the confines of *Jasin*.

As in *Jasin*, Audain has maintained throughout this pendency of

this action that Charles was the only guilty party, and Audain

continues to argue that he was not present at the shooting. As

such, the substance of Charles's testimony was known to Audain

during the course of the trial. Charles's letter was written

only after he had been sentenced, making it precisely the type

of inherently suspect evidence the Third Circuit cautioned

against in *Jasin*. Thus, Charles's letter is not newly discovered

evidence, even though he declined to testified at trial. While

the evidence may be newly available, this is not sufficient to

merit a new trial. Accordingly, the trial court did not abuse

its discretion in denying Audain's motion for a new trial.

### 2.    Identification of Audain

During the course of the investigation, Audain was

identified by George when the police showed George a school

photo of Audain. Audain argues that method of identification

violates federal and Virgin Islands law, and as a result the

identification should have been suppressed, and he is therefore

entitled to a new trial.

"An identification procedure that is both (1) unnecessarily

suggestive and (2) creates a substantial risk of

misidentification violates due process." *United States v.*

*Brownlee*, 454 F.3d 131, 137 (3d Cir. 2006) (citing *Manson v.*

*Brathwaite*, 432 U.S. 98, 107 (1977)). "Unnecessary

suggestiveness 'contains two component parts: that concerning

the suggestiveness of the identification, and that concerning

whether there was some good reason for the failure to resort to

less suggestive procedures.' " *Id.* (quoting *United States v.*

*Stevens*, 935 F.2d 1380, 1389 (3d Cir. 1991)). While courts have

recognized that photo arrays, as used in this case, may be

unnecessarily suggestive, that does not alone require exclusion

of the evidence. Courts consider five factors:

> (1) the opportunity of the witness to view the
> criminal at the time of the crime; (2) the witness'
> degree of attention; (3) the accuracy of the witness'
> prior description of the criminal; (4) the level of
> certainty demonstrated by the witness at the
> confrontation; (5) the length of time between the
> crime and the confrontation.

*Id.* at 139 (citing *Neil v. Biggers*, 409 U.S. 188, 199

(1972)).

Here, Audain does not argue that the photo array was

unnecessarily suggestive or that the five *Biggers* factors

weigh in favor of the admission of the evidence. Instead,

he argues that the photo was obtained in violation of

Section 1232g, Title 20 of the United States Code, a

provision of the Family Educational Rights and Privacy Act

("FERPA"), as well as Section 98(e)(1), Title 17 of the

Virgin Islands Code ("section 98(e)(1)"), the Virgin

Islands' analogue to FERPA. FERPA and section 98(e)(1)

provide that identifying information in school records

shall not be disclosed unless authorized by the student's

parents or court order. Whether or not these statutes were
violated, however, is irrelevant to the pertinent question
of whether the photo array was unnecessarily suggestive.
Moreover, these statutes do not provide that school records
which are unlawfully obtained may be subsequently
suppressed. Given the irrelevancy of Audain's argument for
suppression, it cannot be said that the trial court abused
its dissection in admitting George's identification of
Audain.

###    3.    Motion to Sever

Audain's final argument is that the Superior Court abused
its discretion when it denied his motion to sever his trial from
that of his codefendant Charles.

The question whether to sever offenses or defendants
charged in an indictment rests in the sound discretion of the
trial court. *See United States v. Lore*, 430 F.3d 190, 205 (3d
Cir. 2005). Moreover, even if an abuse of discretion is
established, "reversal is not required absent 'clear and
substantial prejudice' resulting in a manifestly unfair trial."
*United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001)
(citation omitted).

A trial court "should grant a severance under [Federal Rule
of Criminal Procedure] 14 only if there is a serious risk that a
joint trial would compromise a specific trial right of one of

*Audain v. Government of the Virgin Islands*
D.C. Crim. App. No. 2006-46
Memorandum Opinion
Page 20

the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "[A] defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974). Instead, the relevant inquiry is "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (internal quotation marks omitted). In this case the trial court instructed the jury several times to compartmentalize the evidence by considering the evidence as to each defendant and each count. J.A. at 1094, 1100. We presume that the jury followed the instructions, and thus we regard the instructions as "persuasive evidence that refusals to sever did not prejudice the defendant[s.]" *United States v. Voigt*, 89 F.3d 1050, 1096 (3d Cir. 1996).

Here, Audain argues that he suffered prejudice because the evidence did not support a finding of aiding and abetting and that the jury impermissibly convicted Audain because of its antipathy towards Charles. This pure speculation is not sufficient to show that the trial court abused its discretion in denying Audain's motion for severance. As discussed above, there

was ample evidence to support Audain's various convictions.

Moreover, we must presume the jury followed its instructions and considered each count and each defendant separately.

Accordingly, Audain has not articulated any reasonable basis to believe that he was prejudiced by the joint trial and his motion to sever was therefore properly denied.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, we will reverse Audain's conviction for unauthorized possession of ammunition and affirm his remaining convictions.   An appropriate judgment follows.